KC FILED
NOV 13 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACLYN PASSARELLI,<br><br>Plaintiff,<br><br>v.<br><br>PROFESSIONAL NEUROLOGICAL SERVICES, LTD.,<br><br>Defendant. | 07CV6407<br>JUDGE KENNELLY<br>MAGISTRATE JUDGE ASHMAN<br><br>**Jury Trial Requested** |

## COMPLAINT

NOW COMES Plaintiff, JACLYN PASSARELLI, by her counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, PROFESSIONAL NEUROLOGICAL SERVICES, LTD., states as follows:

### PRELIMINARY STATEMENT

1. This action seeks redress for the violation of rights guaranteed to Plaintiff by the Family Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §§ 2601 et seq. Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 29 U.S.C. §§ 2601 et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4. Plaintiff, JACLYN PASSARELLI, is a female citizen of the United States who resides in Illinois.

5. Defendant, PROFESSIONAL NEUROLOGICAL SERVICES, LTD., is a corporation properly recognized and sanctioned by the laws of the State of Illinois. At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois. Defendant is an employer for the purposes of 29 U.S.C. § 2611, as Defendant has continuously and does now employ more than fifty (50) employees and is engaged in an industry that affects commerce.

## COUNT I – FMLA - UNLAWFUL DISCHARGE

6. Paragraphs one (1) through five (5) are incorporated by reference as if fully set out herein.

7. Plaintiff began working for Defendant in August 1999 as a Medical Biller.

8. Throughout her employment with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's promotions, merit based raises, and bonuses.

9. In June 2007, Plaintiff's son, Joseph, seriously injured his knee while playing basketball.

10. Shortly thereafter, after a magnetic resonance imaging ("MRI") examination, Plaintiff's son Joseph was diagnosed with a torn anterior cruciate ligament ("ACL"), torn meniscus, and a stretching of the lateral collateral ligament ("LCL").

11. As a result of the tearing of the ACL and meniscus and stretching of the LCL, physicians at Midwest Orthopaedics at Rush recommended that Plaintiff's son Joseph be operated on to repair the damage to his knee.

2

12. Due to the severity of the injury, Plaintiff learned that after the surgery her son Joseph would require an extensive period in excess of four (4) weeks to recover and rehabilitate from the injury. As Joseph currently attended college, the surgery was delayed until December 2007 to minimize any interruption to his university education.

13. Shortly after learning of her son's diagnosis, Plaintiff informed Defendant's owners, Dr. Matthew Garoufalis and Dr. Malcolm Herzog, of her need for a leave of absence during periods of December 2007 to care for her rehabilitating child.

14. In response, Drs. Garoufalis and Herzog informed Plaintiff that they were not happy with her request, as another manager, Sherry Angelastro, would not be scheduled to return from maternity leave until the middle of December, and had other medical issues that may have extended her need for a medical leave beyond December 2007. As such, Drs. Garoufalis and Herzog asked Plaintiff to "drop the burden" of caring for her child on someone else, such as another family member. Plaintiff informed Drs. Garoufalis and Herzog that as she had no other available options to assist her child, she would still require a medical leave of absence in December 2007.

15. In October 2007, after eight (8) years of full-time employment with Defendant, Drs. Garoufalis and Herzog terminated Plaintiff's employment for the purported reason of breaking into Defendant's office and accessing confidential personal files.

16. Such an explanation is a pretext for retaliating against Plaintiff, based on the exercise or attempted exercise of her rights under the FMLA, as Defendant's office is under twenty-four (24) hour video surveillance and Drs. Garoufalis and Herzog possess the only keys to lock and unlock the office doors.

17. Further, rather than contact the police or authorities regarding Plaintiff's alleged crime, Defendant offered Plaintiff a severance package upon terminating her employment.

18. By informing Defendant in June through October 2007 of her need for a medical leave of absence to care for her rehabilitating child, Plaintiff attempted to exercise her rights under the FMLA.

19. By requesting medical leave, pursuant to her physician's instructions, for a serious health condition of her child in June through October 2007, Plaintiff exercised her rights under the FMLA.

20. The aforementioned acts and omissions of Defendant constitute interfering with, restraining, and denying Plaintiff's exercise of, or Plaintiff's attempt to exercise, rights provided to Plaintiff under the FMLA, in violation of the FMLA, 29 U.S.C. § 2601 et seq.

21. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including, but not limited to, lost and foregone wages and benefits.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JACLYN PASSARELLI, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully interferes with rights under the FMLA;

C. Order Defendant to make whole JACLYN PASSARELLI by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, liquidated and any other damages that the Court

may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to JACLYN PASSARELLI;

F. Grant Plaintiff her attorney's fees, costs, and disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

### JURY TRIAL DEMAND

22. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

>Respectfully submitted,
>JACLYN PASSARELLI, Plaintiff,
>
>
>By: _____
>Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

## Verification

I, JACLYN PASSARELLI, declare under penalty of perjury that the foregoing is true and correct.

Executed on November 8, 2007.

_____
JACLYN PASSARELLI