IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jaclyn Passarelli,<br><br>         Plaintiff,<br>   vs.<br><br>Professional Neurological Services, Ltd.<br><br>         Defendant | Case No.: 07 C 6407<br><br>Judge Kennelly |

## ANSWER

Professional Neurological Services, Ltd (PNS), the Defendant, by counsel, for its answer to the complaint herein, states as follows:

1. It denies that this action is within the scope of the Family Medical Leave Act and all other allegations, if any, contained in paragraph 1 of the Complaint.

2. It admits the allegations of paragraph 2 of the complaint.

3. It admits the allegations of paragraph 3 of the complaint, in that the principal place of business of the Defendant is located in the City of Chicago, Cook County, Illinois, and the Plaintiff was employed at that location.

4. It admits the allegations of paragraph 4 of the complaint.

5. It denies that PNS ever employed fifty or more employees or is otherwise a non-exempt employer within the meaning of the Family Medical Leave Act, but it admits the remaining allegations of paragraph 5 of the complaint.

6. It denies the allegations of paragraph 6, if any.

7. It admits the allegations of paragraph 7 of the complaint, but it denies that the position she filled had any title or was restricted to the job description alleged.

1

8. It denies the allegations of paragraph 8.

9. It lacks information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the complaint, and it therefore denies the allegations.

10. It lacks information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the complaint, and it therefore denies the allegations.

11. It lacks information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the complaint, and it therefore denies the allegations.

12. It lacks information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the complaint, and it therefore denies the allegations.

13. It denies the allegations of paragraph 13 of the complaint.

14. It denies the allegations of paragraph 14 of the complaint.

15. It admits that it terminated the employment of plaintiff for misconduct as alleged in paragraph 15 of the complaint, including but not limited to unauthorized entry of the business premises of PNS during non-scheduled work hours and unauthorized examination of computer files to which she was not entitled access.

16. It denies the allegations of paragraph 16 of the complaint.

17. It denies the allegations of paragraph 17 of the complaint, except it admits it offered Passarelli a severance package in recognition of her several years of service and as a matter of company policy with respect to employees departing for any reason.

18. It denies the allegations of paragraph 18 of the complaint.

19. It denies the allegations of paragraph 19 of the complaint.

20. It denies the allegations of paragraph 20 of the complaint.

21. It denies the allegations of paragraph 21 of the complaint.

WHEREFORE, Defendant prays for an order dismissing this action with prejudice and awarding it costs.

                                                       <u>s/Richard E. Steck</u>  
                                                       Richard E. Steck  
                                                       Attorney for Defendant

Richard E. Steck, P.C.  
19 South LaSalle Street  
Suite 602  
Chicago, IL 60603  
(312) 236-4200  
Atty No. 24504