IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jaclyn Passarelli, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 07 C 6407 |
| | ) | |
| Professional Neurological Services, Ltd. | ) | Judge Kennelly |
| | ) | |
| Defendant | ) | |

## AFFIDAVIT

Matthew G. Garoufalis, after being first duly sworn on oath, deposes and states as follows:

1. I am of legal age, under no disability, and competent to testify to the following facts from personal knowledge.

2. I am the Treasurer of the Defendant, Professional Neurological Services, Ltd. (PNS), an Illinois corporation, and I served in that capacity at all times that the company employed the Plaintiff, Jaclyn Passarelli.

3. I am also a director of the Defendant, Professional Neurological Services, Ltd., and I served in that capacity at all times that the company employed the Plaintiff, Jaclyn Passarelli.

4. At no time during the employment of Jaclyn Passarelli did PNS employ fifty or more individuals; payroll records of PNS reflect that it employed 33 individuals on the date of the termination of Passarelli.

5. In the years 2007 and 2006, the payroll records of PNS reflect that it never had more than 42 employees listed.

6. The number of actual employees of PNS during any given period is smaller than the number appearing on the payroll records, in that the payroll lists contains the names of a number of individuals who did not serve PNS as employees during the periods in which the names appear for the following reasons:  (1) a number of those individuals

whose names appear on the payroll list did not work for PNS during the period in which they received compensation, in that they remained on payroll for the purpose of receiving commissions earned during earlier employment, and (2) a number of individual appear on the payroll list because they receive commissions even though they served PNS as independent contractors not as employees.

7.  PNS terminated the employment of Ms. Passarelli for misconduct; the specific misconduct was improperly accessing the email of the Operations Manager of PNS, which she did by entering the business premises during her non-working hours without authorization when she knew that the officers and other supervisory personnel of PNS would not be present due to an off site meeting.

8.  At the time, termination of Passarelli was already under consideration due to performance issues, specifically her abuse of co-employees by yelling at them, belittling them and degrading them, including the use of vulgarity and racist expressions, and by her use of working hours to handle personal matters.

9.  Ms. Passarelli never requested leave to care for her son, who is and was more than eighteen years old, and PNS management was never aware that her son had any injury which required extensive medical treatment.

FURTHER AFFIANT SAITH NOT.

_____
Matthew G. Garoufalis

Subscribed and Sworn before me
this 27th day of November, 2007

_____
Notary Public

MYLES GLASGOW
MY COMMISSION EXPIRES
FEBRUARY 23, 2011

Richard E. Steck, P.C.
19 South LaSalle Street
Suite 602
Chicago, IL 60603
(312) 236-4200
Atty No. 24504