IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jaclyn Passarelli, | ) |
|        Plaintiff, | ) |
| vs. | ) Case No.: 07 C 6407 |
| Professional Neurological Services, Ltd. | ) Judge Kennelly |
|        Defendant | ) |

**STATEMENT OF UNDISPUTED MATERIAL FACTS
SUBMITTED BY DEFENDANT**

    Professional Neurological Services, Ltd., the Defendant, submits the following statement pursuant to Rule 56.1 (a)(3) of the Rules of the United States District Court for the Northern District of Illinois:

1. The Plaintiff is a female citizen of the United States, who resides in Illinois (Complaint, paragraph 4)

2. The Defendant is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Cook County, Illinois (Complaint, paragraph 5; Answer, paragraph 3)

3. The Plaintiff was employed by the Defendant from 1999 until terminated by the Defendant in October, 2007. (Complaint, paragraphs 7 and 15)

4. Plaintiff was employed by the Defendant in Cook County, Illinois (Answer, paragraph 3)

5. Jurisdiction is premised on the Family Medical Leave Act of 1993, raising federal questions. (Complaint, paragraph 2)

6. At no time during the employment of Jaclyn Passarelli did PNS employ fifty or more individuals; payroll records of PNS reflect that it employed 33 individuals on the date of the termination of Passarelli. (Affidavit of Matthew G. Garoufalis, paragraph 4)

7. In the years 2007 and 2006, the payroll records of PNS reflect that it never had more than 42 employees listed. (Affidavit of Matthew G. Garoufalis, paragraph 5)

8. The number of actual employees of PNS during any given period is smaller than the number appearing on the payroll records, in that the payroll lists contains the names of a number of individuals who did not serve PNS as employees during the periods in which the names appear for the following reasons: (1) a number of those individuals whose names appear on the payroll list did not work for PNS during the period in which they received compensation, in that they remained on payroll for the purpose of receiving commissions earned during earlier employment, and (2) a number of individual appear on the payroll list because they receive commissions even though they served PNS as independent contractors not as employees.

9. The son of Jaclyn Passarelli, Joseph, was more than eighteen years old at any pertinent time, and PNS management was never aware that her son had any injury which required extensive medical treatment. (Affidavit of Matthew G. Garoufalis, paragraph 9)

10. The injuries suffered by the son consisted of tear and strains to knee ligaments. (Complaint, paragraph 10)

11. Jaclyn Passarelli has asserted her claim based on an alleged leave request which she concedes was timed for the convenience of herself and her son, and the timing of which was disruptive to the operations of her employer due to another employee being scheduled to be out on maternity leave during the period for which Jaclyn Passarelli sought leave.

Richard E. Steck and Associates
19 South LaSalle Street
Suite 602
Chicago, IL 60603
(312) 236-4200