IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jaclyn Passarelli, <br><br>       Plaintiff, <br> vs. <br><br> Professional Neurological Services, Ltd. <br><br>       Defendant | Case No.: 07 C 6407 <br><br> Judge Kennelly |

MEMORANDUM OF LAW IN SUPPORT OF
THE MOTION OF DEFENDANT FOR SUMMARY JUDGMENT

    The complaint in this action purports to state a claim under the Family Medical Leave Act, 29 USC 2601 et seq. The claim must fail because undisputable facts demonstrate that Jaclyn Passarelli, the Plaintiff, was not eligible for benefits under the Act. This Court should grant summary judgment in favor of Professional Neurological Services, Ltd., the Defendant.

    Passarelli is not eligible for benefits under the Act because both the circumstances of her employment and the circumstances involved in her alleged request for leave do not meet the requirements necessary to bring the Act into play. Passarelli is not, by definition, an eligible employee under the Act, and the Defendant is not, by definition, an employer subject to the Act. The alleged request by Passarelli for leave, even if true, did not fall within the scope of benefits required by the Act, for Passarelli did not request leave to care for a dependent child, but rather allegedly to care for her college age son after his

1

elective surgery and for dates chosen for his convenience and without regard to the business needs of her employer.

The Act excludes from the definition of an "eligible employee" any individual employed at a worksite at which the employer employs less than fifty (50) employees. 29 USC 2611(2)(B)(ii)). The Act defines an "employer" subject to the Act as a person or entity employing fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in either the current year in which the request for leave occurs and in the prior calendar year. 29 USC 2611(4)(A)(i). The number of employees for these purposes is determined by the payroll records of the employer. 29 CFR 825.105(e); 29 CFR 825.111(3)(c); Nedzvekas v. LTV Copperweld, 356 F. Supp. 2d 904 (N.D. Ill. 2005); Dinkins v. Varsity Contrs., Inc., 2005 U.S. Dist. Lexis 6732 (N.D. Ill. 2005); Bliss v. Jennifer Convertibles, Inc., (N.D. Ill. 2003);

Professional Neurological Services had a payroll of thirty-three (33) individual on the date Passarelli allegedly sought benefits, so she did not qualify as an eligible employee. The payroll of Professional Neurological Services never included more than forty-two (42) individuals during the relevant period, and therefore it did not qualify as an employer. The claim of Passarelli fails at the threshold, because neither she nor the Defendant falls within the coverage of the Act.

In addition, Passarelli did not make a request for leave which the Act requires an employer within the ambit of the Act to honor. The Act requires

benefits for situations where an employee actually must take time off to care for a family member incapable of caring for oneself; it is not designed to allow employees time off at the mere discretion of the employee.

Passarelli alleges a leave request for the purpose of caring for her eighteen year old son, who suffered a knee injury. The Act requires that leave be allowed for the care of family members over the age of eighteen only in consequence of the inability of that person to care for themselves. 29 USC 2611 (12)(B). A knee injury, regardless of severity, is not, *a priori*, a "serious health condition" as defined by the Act at 29 USC 2611 (11), i.e. an injury that requires in patient care or continuing treatment by a health provider. The knee injury to the son of Passarelli did not only did not require immediate surgery, but the son apparently remained functional and able to attend university away from home. Such surgery as may be indicated is elective, not alleged to require inpatient care, and not alleged to require post operative care other than rehabilitation. This is not the kind of injury for which the Act was designed to provide a benefit. 29 CFR 825.114. <u>Russell v. N. Broward Hosp</u>., 346 F.3d 1335 (11th Cir., 2003)(to qualify as a serious health condition, an injury must result in at least three consecutive days of total incapacity).

Moreover, as the surgery was elective and not urgent, any leave request, even if otherwise proper under the Act and within its coverage, would require the employee to schedule the treatment at the convenience of the employer. 29 USC 2612(e)(A). Passarelli chose to request a leave designed to convenience her

son and herself, and she alleges that her employer, the Defendant, told her that the proposed leave did not comport with its needs, as it had already allowed leave during the time period requested to another employee with similar duties for the company, i.e. the dates on which she wanted leave would disrupt its operations.

This Court should grant summary judgment to the Defendant and dismiss the claim of Jaclyn Passarelli with prejudice. She does not qualify as an employee under the Family Medical Leave Act, and her employer is not governed by that Act. If the Act applied, her leave request is not covered by the Act, for she did not request leave to care for dependent child, she did not request leave to care for an adult incapacitated child, she did not request leave to care for a family member with a serious injury as defined by the Act and regulations promulgated pursuant to it, and she did not seek leave designed to avoid the disruption of the business of her employer. There is no dispute as to the material facts, and Defendant is entitled to judgment as a matter of law.

                                                s/Richard E. Steck
                                                Richard E. Steck
                                                Attorney for Defendant

Richard E. Steck and Associates
19 South LaSalle Street
Suite 602
Chicago, IL 60603
(312) 236-4200